

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00346-CR

FRANKLIN CALVIN JONES, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 264th District Court
Bell County, Texas
Trial Court No. 83519, Honorable Paul L. LePak, Presiding

November 8, 2023

MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Franklin Calvin Jones, Jr., appealed his theft conviction and eight-year prison sentence. We dismiss the untimely appeal for want of jurisdiction.

The trial court orally sentenced appellant on July 26, 2023. His motion for new trial was due thirty days thereafter, that is, August 25, 2023. *See* TEX. R. APP. P. 21.4(a).

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001.

However, it was not filed until August 28, 2023. Being untimely, it did not extend the deadline by which to perfect an appeal. *See* TEX. R. APP. P. 26.2(a) (requiring a notice of appeal to be filed within thirty days after sentencing or within ninety days if a timely motion for new trial is filed). That deadline fell on August 25, 2023, as well. *See* TEX. R. APP. P. 26.2(a)(1). Thus, appellant's notice of appeal, filed on August 28, 2023, was similarly late, and no one requested an extension of the deadline. *See* TEX. R. APP. P. 10.5(b), 26.3 (permitting an appellate court to extend the appellate deadline by fifteen days if a motion for extension is filed that reasonably explains the need for an extension).

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). When the notice is untimely and the deadline has not been extended, we must dismiss the appeal for lack of jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) (en banc).

By letter of October 12, 2023, we notified Appellant of the consequences of his late notice of appeal. We also directed him to show, by October 23, 2023, how the Court has jurisdiction over the appeal. He has yet to communicate with the court.

We dismiss the appeal for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Appellant may be entitled to relief by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.